**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

*FILED*
*U.S. DISTRICT COURT*
*EASTERN DISTRICT COURT*
*EASTERN DISTRICT OF TEXAS*

*OCT 2 3 2006*

*DAVID J. MALAND, CLERK*
*BY*
*DEPUTY* _____

INTERNATIONAL BUSINESS )
MACHINES CORPORATION, )
                                          )
              Plaintiff,           )   Civil Action No. _9:06CV242_
                                          )
       v.                            )
                                          )
AMAZON.COM, INC.,          )   JURY TRIAL DEMANDED
                                          )
              Defendant.       )

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff International Business Machines Corporation ("IBM"), for its Original

Complaint for Patent Infringement against Defendant Amazon.com, Inc. ("Amazon"), alleges as

follows:

## INTRODUCTION

1.       IBM is a world leader in technology and innovation.  IBM spends billions of

dollars each year on research and development, and these efforts have resulted in the issuance of

more than 40,000 patents worldwide.  Patents enjoy the same fundamental protections as real

property.  IBM, like any property owner, is entitled to insist that others respect its property and to

demand payment from those who take IBM's property for their own use.  Despite this

rudimentary principle, Amazon has built its business model on the use of IBM's patents,

knowing its business was covered by and infringing IBM's patents.  Amazon, moreover, has

ignored IBM's repeated demands that Amazon either pay for the use of IBM's property or stop

taking the property for Amazon's own use.  Indeed, after four years of stonewalling, Amazon's

intent is clear—Amazon would rather take IBM's property unlawfully than pay for its use.  This

lawsuit seeks to stop Amazon's taking of IBM's property without payment.

## NATURE OF THE CASE

2.       This action arises under 35 U.S.C. § 271 for Amazon's infringement of one or more of IBM's United States Patent Nos. 5,442,771; 5,796,967; and 7, 072,849 (collectively, the "Patents in Suit").

## THE PARTIES

3.       Plaintiff IBM is a New York corporation, with its principal place of business at New Orchard Road, Armonk, New York 10504.

4.       Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144.  Amazon does business through the Web site www.amazon.com.  Amazon may be served through its registered agent for service, CT Corporation System, 350 North St. Paul St., Dallas, TX 75201.

## JURISDICTION AND VENUE

5.       This action arises under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court over the subject matter of this action is proper under 28 U.S.C. §§ 1331 and 1338(a).

6.       Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

7.       Personal jurisdiction exists over Amazon because it does business in Texas and in this District, and infringement has occurred and continues to occur in Texas and in this District.

## FACTUAL BACKGROUND

### A.       IBM Is A Recognized Innovator

8.       IBM is recognized throughout the world as a pioneer in many aspects of science and technology.  On eight occasions, more times than any other company or organization, IBM has been awarded the U.S. National Medal of Technology, the nation's highest award for

technological innovation.  During IBM's near 100-year history, IBM's employees have included
five Nobel laureates, five national Medal of Science recipients, and at least nine inventors in the
National Inventors Hall of Fame.

9.      These and other IBM employees have introduced the world to technology that the
global community takes for granted today, including the dynamic random access memory—
DRAMs—found in nearly all modern computers; magnetic disk storage—hard disk drives—
found in computers and portable music players; and some of the world's most powerful
supercomputers, including Deep Blue, the first computer to beat a reigning chess champion and
which is on display at the Smithsonian's National Museum of American History in Washington,
D.C.  IBM's commitment to developing these types of advanced computing technologies has
helped to usher in the information age and create the e-business revolution.

**B.      IBM Is Committed To Protecting Its Innovations Through the Patent System**

10.     IBM's research and development operations differentiate IBM from many other
companies.  IBM annually spends billions of dollars for research and development.  In addition
to yielding inventions that have literally changed the way in which the world works, IBM's
research and development efforts have resulted in more than 40,000 patents worldwide.  For over
a decade the United States Patent and Trademark Office has issued more patents to IBM than to
any other company in the world.

11.     Like the research upon which the patents are based, IBM's patents also benefit
society.  Indeed, the Supreme Court has recognized that the patent system encourages both the
creation and the disclosure of new and useful advances in technology.  Such disclosure, in turn,
permits society to innovate further.  And, as the Court has further recognized, as a reward for
committing resources to innovation and for disclosing that innovation, the patent system

provides patent owners with the exclusive right to prevent others from practicing the claimed invention for a limited period of time.

**C.    IBM Routinely Licenses Its Patents In Many Fields, But Will Enforce Its Rights Against Those Who Take Its Property Unlawfully**

12.    IBM's commitment to creating a large patent portfolio underscores the value that IBM places in the exchange of innovation, and disclosure of that innovation, in return for limited exclusivity.  Indeed, IBM has used its patent portfolio to generate revenue and other significant value for the company by executing patent cross-license agreements.  The revenue generated through patent licensing enables IBM to continue to commit resources to innovation.  Cross-licensing, in turn, provides IBM with the freedom to innovate and operate in a manner that respects the technology of others.

13.    Given the investment IBM makes in the development of new technologies and the management of its patent portfolio, IBM and its shareholders expect companies to act responsibly with respect to IBM's patents.  IBM facilitates this by routinely licensing its patents in many fields and by working with companies that wish to use IBM's technology in those fields in which IBM grants licenses.  When a company takes IBM's property and refuses to pay IBM for the use of its property, IBM has no choice but to seek judicial assistance.

**D.    Amazon Has Built Its Business By Infringing IBM's Patents.**

14.    Amazon is well known as an online retailer and provider of e-commerce solutions and services to other businesses.  Amazon has grown rapidly and is now a Fortune 500 company, with billions of dollars in revenues each year.

15.    Rather than build its business on its own technologies, Amazon has relied on IBM's innovations, unlawfully taking and using them for its business.  For example, in the mid-1980's, IBM, in conjunction with CBS and Sears, founded a company called Trintex, with the

idea of developing a nationwide transaction and information network accessible through personal computers. Trintex, later renamed Prodigy, was one of the earliest on-line services targeted to a mass audience. Prodigy provided users with on-line services including news, weather, sports, games, shopping, and airline reservations. As a result of its contributions to Prodigy, IBM received a family of patents based on the resulting Prodigy architecture and technology.

16.     For the past four years, IBM has patiently tried to work with Amazon in an effort to secure a licensing agreement. IBM made repeated trips to Amazon's facilities and presented detailed examples to Amazon of its infringement of IBM's patents.

17.     While pretending to desire resolution, Amazon has refused to engage in any meaningful discussion on the merits, resorting instead to foot-dragging, posturing and non-responsive excuses. Throughout, Amazon has continued willfully to infringe IBM's patents so as to obtain the significant benefits of IBM's innovations without paying any compensation to IBM.

18.     Because IBM's four-year struggle to negotiate a licensing agreement that would remedy Amazon's unlawful conduct has failed, IBM has been forced to seek relief through litigation. Among other relief sought, IBM is entitled to royalties on the billions of dollars in revenue that Amazon has received based on its unlawful infringement of IBM's patented technology.

**E.     Specifically, Amazon Has Willfully Infringed IBM's Prodigy Patents.**

     **(i)     United States Patent No. 5,442,771**

19.     As its title suggests, United States Patent No. 5,442,771, entitled "Method for Storing Data in an Interactive Computer Network" ("the '771 patent"), generally relates to a method of storing data in an interactive network. The network includes a multiplicity of user reception systems at which users can request applications during user sessions. As exemplified

by its specification, the '771 patent teaches steps for establishing data stores within an interactive network and using the stored data to generate applications during the user sessions. The method features steps, among others, for associating storage control parameters with the data to be stored.

20.     Amazon has infringed and continues to infringe, in this district and elsewhere, on IBM's rights in the '771 patent. For example, Amazon performs the method taught and claimed by the '771 patent by, among other activities, doing business through an interactive network that allows users to request applications during their sessions and implementing storage control parameters associated with data to be stored within the network.

**(ii)     United States Patent No. 5,796,967**

21.     United States Patent No. 5,796,967 ("the '967 patent") generally relates to a method for presenting applications on a network, where the network includes a multiplicity of user reception systems at which users may request a multiplicity of available applications. The network presents the requested applications at the user reception systems as one or more screens of display. As exemplified by its specification, the '967 patent teaches steps for generating the application displays including a plurality of partitions. In accordance with the method, there is generated a first partition for presenting applications and a second partition for presenting a plurality of command functions. The command functions include at least a first group that are selectable to permit movement between applications.

22.     Amazon has infringed and continues to infringe, in this district and elsewhere, on IBM's rights in the '967 patent. For example, Amazon performs the method taught and claimed by the '967 patent by, among other activities, presenting applications using partitioned displays that include at least one partition for presenting applications and a second partition for presenting

a plurality of command functions that include at least a first group that are selectable to permit movement between applications.

      (iii)    **United States Patent No. 7,072,849**

    23.    United States Patent No. 7,072,849, entitled "Method for Presenting Advertising in an Interactive Service" ("the '849 patent"), generally relates to a method for presenting advertising in a computer network that includes a multiplicity of user reception systems at which users can request applications. The network presents the requested applications at the user reception systems as one or more screens of display. As exemplified by its abstract, the '849 patent teaches steps for presenting advertising concurrently with applications at the reception system. The steps include, for instance, structuring the advertising in a manner compatible to the applications, which enables the applications to be presented at a first portion of a display and the advertising to be presented at a second portion of the display. As further illustrated in the '849 patent, steps are provided for storing and managing advertising at the user reception system. Additionally, the '849 patent teaches steps for individualizing the advertising by compiling data concerning respective users and establishing characterizations for respective users based on the compiled data.

    24.    Amazon has infringed and continues to infringe, in this district and elsewhere, on IBM's rights in the '849 patent. For example, Amazon performs the method taught and claimed by the '849 patent by, among other activities, presenting applications at a first portion of a display and presenting advertising at a second portion of the display, and by selectively storing advertising objects at a store established at the reception system. Additionally, Amazon individualizes the advertising based on data compiled concerning respective users and establishing characterizations for respective users based on the compiled data.

## COUNT ONE

## INFRINGEMENT OF THE '771 PATENT

25.     IBM is the owner of all right, title and interest in the '771 patent. The '771 patent was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on August 15, 1995. The '771 patent is in IBM's Prodigy family of patents and was duly assigned to IBM. A copy of the '771 patent is attached hereto as Exhibit A.

26.     In violation of 35 U.S.C. § 271, Amazon has infringed and continues to infringe, in this district and elsewhere, the '771 patent by: (a) making, using, offering for sale or selling within the United States, or by importing into the United States, products or processes that practice inventions claimed in this patent; (b) inducing others to make, use, offer for sale or sell within the United States, or import into the United States, products or processes that practice inventions claimed in this patent; and/or (c) contributing to the making, using, offering for sale or selling within the United States, or importing into the United States, products or processes that practice inventions claimed in this patent.

27.     IBM has been damaged by the infringement of the '771 patent by Amazon and will continue to be damaged by such infringement. IBM is entitled to recover from Amazon the damages sustained by IBM as a result of Amazon's wrongful acts.

28.     The continued infringement by Amazon of the '771 patent is deliberate and willful, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

29.     IBM has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, and will continue to do so unless Amazon is enjoined therefrom by this Court.

## COUNT TWO

### INFRINGEMENT OF THE '967 PATENT

30.     IBM is the owner of all right, title and interest in the '967 patent. The '967 patent

was duly and properly issued by the USPTO on August 18, 1995. The '967 patent is in IBM's

Prodigy family of patents and was duly assigned to IBM. A copy of the '967 patent is attached

hereto as Exhibit B.

31.     In violation of 35 U.S.C. § 271, Amazon has infringed and continues to infringe,

in this district and elsewhere, the '967 patent by:  (a) making, using, offering for sale or selling

within the United States, or by importing into the United States, products or processes that

practice inventions claimed in this patent; (b) inducing others to make, use, offer for sale or sell

within the United States, or import into the United States, products or processes that practice

inventions claimed in this patent; and/or (c) contributing to the making, using, offering for sale

or selling within the United States, or importing into the United States, products or processes that

practice inventions claimed in this patent.

32.     IBM has been damaged by the infringement of its '967 patent by Amazon and

will continue to be damaged by such infringement. IBM is entitled to recover from Amazon the

damages sustained by IBM as a result of Amazon's wrongful acts.

33.     The continued infringement by Amazon of the '967 patent is deliberate and

willful, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorney fees and costs

incurred in prosecuting this action under 35 U.S.C. § 285.

34.     IBM has suffered and continues to suffer irreparable harm, for which there is no

adequate remedy at law, and will continue to do so unless Amazon is enjoined therefrom by this

Court.

## COUNT THREE

## INFRINGEMENT OF THE '849 PATENT

35.     IBM is the owner of all right, title and interest in the '849 patent.  The '849 patent was duly and properly issued by the USPTO on July 4, 2006.  The '849 patent is in IBM's Prodigy family of patents and was duly assigned to IBM.  A copy of the '849 patent is attached hereto as Exhibit C.

36.     In violation of 35 U.S.C. § 271, Amazon has infringed and continues to infringe, in this district and elsewhere, the '849 patent by:  (a) making, using, offering for sale or selling within the United States, or by importing into the United States, products or processes that practice inventions claimed in this patent; (b) inducing others to make, use, offer for sale or sell within the United States, or import into the United States, products or processes that practice inventions claimed in this patent; and/or (c) contributing to the making, using, offering for sale or selling within the United States, or importing into the United States, products or processes that practice inventions claimed in this patent.

37.     IBM has been damaged by the infringement of its '849 patent by Amazon and will continue to be damaged by such infringement.  IBM is entitled to recover from Amazon the damages sustained by IBM as a result of Amazon's wrongful acts.

38.     The continued infringement by Amazon of the '849 patent is deliberate and willful, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

39.     IBM has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, and will continue to do so unless Amazon is enjoined therefrom by this Court.

## RELIEF REQUESTED

Wherefore, Plaintiff IBM respectfully requests that this Court enter judgment against Defendant Amazon as follows:

A.      That each of the Patents in Suit is valid and enforceable;

B.      That each of the Patents in Suit has been infringed by Amazon;

C.      That infringement of the Patents in Suit by Amazon has been willful;

D.      An injunction against further infringement of the Patents in Suit by Amazon;

E.      An award of damages adequate to compensate IBM for the patent infringement that has occurred, together with pre-judgment interest and costs;

F.      An award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

G.      That this is an exceptional case and an award to IBM of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

H.      Such other relief as this Court deems just and proper.

Respectfully submitted,

Terence M. Murphy
Lead Attorney
State Bar No. 14707000
tmmurphy@jonesday.com
Mark N. Reiter
State Bar No. 16759900
mnreiter@jonesday.com
Hilda C. Galvan
State Bar No. 00787512
hcgalvan@jonesday.com

JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone:  214-220-3939
Facsimile: 214-9695100


J. Thad Heartfield
thad@jth-law.com
State Bar No. 09346800
LAW OFFICES OF J. THAD HEARTFIELD
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789


ATTORNEYS FOR PLAINTIFF
INTERNATIONAL BUSINESS
MACHINES CORPORATION

October 23, 2006