IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 9:06-CV-242-RHC |
| AMAZON.COM, INC., | § § | |
| Defendant. | § § | |
| AMAZON.COM, INC., | § § | |
| Counterclaim-Plaintiff, | § § | |
| v. | § § | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § § | |
| Counterclaim-Defendant. | § | |

## AMAZON.COM'S MOTION FOR INTRA-DISTRICT TRANSFER

Defendant and Counterclaim-Plaintiff Amazon.com, Inc. ("Amazon.com") respectfully requests that this Court transfer this case to the Tyler Division pursuant to 28 U.S.C. § 1404(a) & (b) because the substantial factual and legal overlap between this case and a related case first-filed in the Tyler Division favors consolidation of both cases before the same judge.

### I.    INTRODUCTION

On October 23, 2006, plaintiff International Business Machines Corporation ("IBM") filed substantially related claims for patent infringement against Amazon.com in two separate actions—this action and a related action currently pending in the Tyler Division as *International Business Machines Corporation v. Amazon.com, Inc.*, No. 6:06CV452 (E.D. Tex. filed Oct. 23,

2006). Although IBM filed both complaints at the Tyler Courthouse on the same day, IBM directed – for what can only be strategic reasons – the complaints to different divisions, submitting the first-filed case in the Tyler Division and directing the second-filed case to the Lufkin Division.

Justice, judicial economy, and the convenience of witnesses, however, weigh heavily in favor of consolidating these cases for purposes of discovery and trial because they involve substantially overlapping – and, in some instances, identical – issues of law and fact. For example,

* there is complete identity of the parties;
* the same area of technology, namely systems and methods for electronic commerce ("e-commerce"), is at issue in both cases;
* the activity accused by IBM is the same in both cases;
* the patents in this case are admitted prior art to the '542 Patent, which is asserted in the related Tyler case; thus, the invalidity analysis in both cases will substantially overlap;
* the same factual development will be relevant to disprove IBM's allegations of willful infringement in both complaints;
* the issue of the amount of damages to which IBM is allegedly entitled will overlap; and
* The patents raised in Amazon.com's counterclaims in both actions implicate overlapping issues of law and facts. For instance, Amazon.com's counterclaim patents involve the same technology area of e-commerce, and focus on related infringing IBM activities, such as for example IBM's WebSphere software platform.

The overlap between the two cases is vividly demonstrated by a simple comparison between the first eighteen paragraphs and the actual allegations of infringement set forth in the second paragraph of each count of the pleadings – they are virtually identical. Conducting discovery, the Markman process, and trying these related cases in separate proceedings would waste a tremendous amount of judicial, as well as private, resources, and presents a significant risk of

inconsistent rulings on issues ranging from discovery disputes to questions of intent. IBM's tactic of filing these related cases in separate courthouses within the same district is done entirely for its benefit in the hopes of getting two bites at the proverbial apple before two separate judges and two separate Texas juries. IBM's actions demonstrate no regard for the already over-burdened docket of this district or for party and judicial resources. If IBM's tactics are accepted, then why would parties stop at only two courthouses – why not file another complaint in Marshall, an additional one in Texarkana, and then perhaps another in Beaumont for good measure; indeed, in cases with five asserted patents like this one, if IBM's tactics are allowed here, parties would sprinkle complaints across five different divisions in this district despite substantial overlap in the issues. Clearly, this Court should not condone such tactics and improper use of the resources of this district. For these reasons, the Court should transfer this case to the Tyler Division for consolidation with IBM's first-filed case.

## II.   PROCEDURAL BACKGROUND

On October 23, 2006, IBM filed two separate complaints against Amazon.com in this District. At 11:36 a.m. CST, IBM filed its first complaint against Amazon.com in the Tyler Division, alleging infringement of two patents generally related to e-commerce. The two patents in the Tyler case are:

* **U.S. Patent No. 5,319,542** ("the '542 Patent"), entitled "System for Ordering Items Using An Electronic Catalogue," which "teaches and claims an electronic catalog requisition system having catalogs of items offered by suppliers stored on a central catalog database system, as well as a method for retrieving information relating to items offered by suppliers and electronically ordering items from suppliers." [Ex. 1 (Tyler Compl.) at ¶ 19; *see also* Ex. 2 ('542 Patent) at Abstract.]

* **U.S. Patent No. 5,446,891** ("the '891 Patent"), entitled "System for Adjusting Hypertext Links with Weighed User Goals and Activities," "generally teaches and claims a computer-implemented hypertext system as well as a method for operating a computer-implemented object-oriented hypertext system." [Ex. 1 (Tyler Compl.) at ¶ 21; *see also* Ex. 3 ('891 Patent) at Abstract.]

3

The accused activity in the Tyler case appears to be Amazon.com's Internet retailing business. [Ex. 1 at ¶¶ 14, 20, 22.] The Tyler complaint further alleges willful infringement, and on this basis, requests increased damages and an award of attorneys fees. [*Id.* at ¶¶ 26, 31.]

Later that day, as shown by the 4:51 p.m. CST PACER time-stamp, IBM filed a second complaint against Amazon.com at the Tyler courthouse, but directed this patent infringement suit to the Lufkin Division. In this second complaint, IBM asserted three patents, which IBM alleges are also generally related to e-commerce:

* **U.S. Patent No. 5,442,771** ("the '771 Patent"), entitled "Method for Storing Data in An Interactive Computer Network," "generally relates to a method for storing data in an interactive network." [Docket Entry No. 1 (Lufkin Compl.) at ¶ 19.]

* **U.S. Patent No. 5,796,967** ("the '967 Patent"), entitled "Method for Presenting Applications in an Interactive Service," "generally relates to a method for presenting applications on a network, where the network includes a multiplicity of user reception systems at which users may request a multiplicity of available applications." [*Id.* at ¶ 21.]

* **U.S. Patent No. 7,072,849** ("the '849 Patent"), entitled "Method for Presenting Advertising in an Interactive Service," "generally relates to a method for presenting advertising in a computer network that includes a multiplicity of user reception systems at which users can request applications." [*Id.* at ¶ 23.]

As with the Tyler case, the accused activities in this case also appear to be Amazon.com's Internet retailing business, [*see id.* at ¶¶ 14, 20, 22, and 24], and IBM again alleged that infringement was willful. [*Id.* ¶¶ 28, 33, and 38.]

4

### III. ARGUMENT

As detailed below, transfer of both IBM suits to a single division is warranted under both 28 U.S.C. § 1404 and the first-to-file rule.

#### A. This Case Should Be Transferred Pursuant To 28 U.S.C. § 1404 "In The Interests Of Justice"

Pursuant to 28 U.S.C. § 1404(a) & (b), this Court has broad discretion to transfer a case to a district or division in which the plaintiff could have initially brought the suit, especially where the transfer furthers the interests of justice and judicial economy.[1] *See Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp. 2d 731, 734-35 (E.D. Tex. 2005). The Court should exercise its discretion and transfer this case given the substantial overlap in facts and law.

##### 1. Substantial Overlap in the Asserted Patents, Parties, Allegations, and the Infringement and Validity Issues Requires Transfer and Consolidation

This case is an ideal candidate for intra-district transfer, because the substantial overlap in factual and legal issues between these two cases favors consolidation to preserve judicial and private resources. Despite IBM's decision to split its cases between two different divisions of the same District, both actions share many issues in common:

1. This case and the Tyler case share **a complete identity of parties** – IBM and Amazon.com. [*Compare* Ex. 1 (Tyler Compl.) *with* Lufkin Compl.]

---

[1] Subsection (a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought." Subsection (b) states, in relevant part, that, "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other *division in the same district*." (emphasis added). Requests for intra-division transfers are reviewed under the familiar Section 1404(a) factors. *Green v. Burlington N. & Santa Fe Ry. Co.*, No. Civ. A. 3:05CV1596-L, 2006 WL 154329, at *2-3 (N.D. Tex. Jan. 19, 2006) (granting intra-district motion for transfer after analyzing § 1404(a) factors).

2. According to IBM, the patents asserted in both cases involve the **same alleged area of technology**, namely systems and methods for e-commerce. [*Compare* Ex. 1 (Tyler Compl.) ¶¶ 14-15 *with* Lufkin Compl. ¶¶ 14-15.]

3. IBM **accuses the same activity** – Amazon.com's Internet retailing business of infringement – in both cases. [*Compare* Ex. 1 (Tyler Compl.) ¶ 14 *with* Lufkin Compl. ¶ 14; *compare also* Tyler Compl. ¶ 20 (accusing Amazon.com of "providing an electronic catalog requisition system") *with* Lufkin Compl. ¶ 20 (accusing Amazon.com of "doing business through an interactive network that allows users to request applications during their sessions").] Since they accuse a single set of behavior – Amazon.com's Internet retailing business – of infringement, both actions will likely involve the same facts, evidence, witnesses, and discovery issues.

4. Moreover, the IBM patents in this case and in the Tyler action **all relate to overlapping methods and components of a commercial interactive computer network**. For example, both the '891 patent in the Tyler case and the '967 patent in this action relate to ways of presenting information to improve the users' interaction with the network:

|  | **Tyler Complaint** | **Lufkin Complaint** |
|---|---|---|
| **Problems in the prior art addressed by the patents** | "how to direct the user to the information actually desired within a hypertext document" ['891 Patent at 2:20-24] | "providing clarity of presentation and ease of use" to benefit the user ['967 Patent at 2:19-21] |
| **Solution allegedly disclosed** | Presenting hypertext links that helps users to navigate more effectively. ['891 Patent at 3:60-4:2.] | "[P]resenting applications in an interactive service which enables ease of service manipulation." ['967 Patent at 2:44-46] |

Likewise, the '891 Patent in the Tyler case involves overlapping issues with the '849 and '771 patents asserted here, because one of their common objectives is the personalization, or tailoring, of services based on the user's interaction with the service in order to better fit a customer's individual needs:

6

| **Tyler Complaint** | **Lufkin Complaint** |
|---|---|
| The '891 Patent weights links based on "the time that a user views a particular 'data object' or panel node." ['891 Patent at 4:59-60.] | The '849 Patent "features steps for individualizing the advertising … by providing advertising based on a characterization of the user as defined by the user's interaction with the service." ['849 Patent at 3:26-29.]<br><br>'771 Patent stores data based on the use experience of the customer, i.e., "tailored to the service usage experience". ['771 Patent at 3:5-7.] |

5.     IBM admitted to the Patent & Trademark Office that **the patents asserted in the Lufkin case are prior art to one of the patents asserted in the Tyler action**. Indeed, in the '542 Patent (asserted by IBM in the Tyler action) and during its prosecution, IBM expressly identified the Prodigy system as prior art to the '542 patent. [Ex. 2 ('542 Patent) at 1:26-54 (referring to the Prodigy system as prior art to the claimed invention).] This Prodigy system is the *same* system disclosed in the '771, '967, and '849 patents which IBM calls the "Prodigy" patents and has asserted in this case. [Lufkin Compl. ¶¶ 25, 30, and 35.] Because the Prodigy patents are prior art to one of the Tyler patents, the invalidity analysis of the Lufkin patents likely will substantially overlap with the invalidity analysis of the Tyler patents.

6.     IBM has also **alleged willful infringement in both complaints**. [*Compare* Ex. 1, Tyler Compl. ¶¶ 26, 31 *with* Lufkin Compl. ¶¶ 28, 33, 38.] As a result, IBM will be obligated to prove the same underlying behavior, including intent, in both cases, which will, of course, require significantly overlapping evidence.

7.     Both cases are presently on **an identical procedural track**, because the only substantive filings in the cases are the complaints, answers, and this motion.

8.     Both cases **involve the same set of counsel**, thus militating for a transfer of this case to Tyler for the sake of efficiency and cost-reduction.

9. Like the five patents asserted by IBM in this action and the Tyler case, Amazon.com's **counterclaims in both actions implicate overlapping issues of law and facts**. For instance, Amazon.com's counterclaim patents involve the same technology area of e-commerce and focus on related infringing IBM activities, such as for example IBM's WebSphere software platform. [*Compare* Ex. 4 (Tyler Answer & Ctr-Clm. asserting 3 Amazon.com patents) ¶¶ 63-79 & attach., *with* Lufkin Answer & Ctr-Clm. ¶¶ 82-93 & attach. (asserting 2 Amazon.com patents).]

These common factual and legal issues raised by IBM's parallel cases make these actions particularly well suited for consolidation, a result possible only if a transfer allows both cases to be pending before the same judge. *See St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Assoc. of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983); s*ee also* FED. R. CIV. P. 42(a) (allowing consolidation "[w]hen actions involving a common question of law or fact are pending before the court"); LOCAL RULE CV-42(b) & (c). Because efficiency, consistency and fairness are best served by the adjudication of common questions of law and fact in a single proceeding, the Fifth Circuit has encouraged the consolidation of cases whenever appropriate in order to streamline cases, expedite trials, and promote judicial efficiency. *See Bottazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50-51 (5th Cir. 1981); *In re Air Crash Disaster at Fl. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Here, the consolidation of these cases before the same judge will certainly promote judicial economy, reduce the expense to the judicial system and parties, expedite resolution of disputes and a trial on the merits, eliminate unnecessary repetition and confusion, prevent inconsistent rulings, and preclude IBM from burdening the judges of this Court and Amazon.com by litigating the same issues twice. *See Morrison v. Amway Corp.*, 186 F.R.D. 401, 402-03 (S.D. Tex. 1998). That these actions are so well suited

for consolidation emphasizes the efficiency of transfer (and the wastefulness of the alternative). Thus, the Court should transfer this action to the Tyler Division for consolidation.

## 2. The Factors Considered under § 1404 Favors Transfer

In determining whether or not a transfer to another district or division under § 1404 is appropriate, courts consider "private" and "public" factors:

> Private interest factors include:
> 1. relative ease of access to sources of proof;
> 2. availability of compulsory process to secure attendance of witnesses;
> 3. cost of attendance for willing witnesses; and
> 4. all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> Public interest concerns include:
> 1. administrative difficulties flowing from court congestion;
> 2. local interest in having localized interests decided at home;
> 3. familiarity of the forum with the law that governs the case; and
> 4. avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Beavers v. Express Jet Holdings, Inc.*, 421 F. Supp. 2d 994, 998-99 (E.D. Tex. 2005).

As the substantial factual and legal overlap discussed above demonstrates, the relevant private factors make clear the advantages of transferring this case for consolidation. Indeed, (1) transfer and consolidation of both cases into one action would be more convenient for the parties and witnesses, especially where (as is the case here) the hearings, proceedings, and trials in the two cases are likely to conflict; (2) the overlap of issues and parties indicate that both cases will have many witnesses in common, making a trial in a single division more convenient for the parties and their witnesses; and (3) IBM's own choice to physically file both complaints in Tyler evidences the fact that the Tyler Division is equally convenient.[2]

---

[2] Although the plaintiff is afforded some deference in choosing a forum, this choice of forum has substantially reduced significance where most of the operative facts occurred outside the district, as is the case here. *See Lindloff v. Schenectady Int'l*, 950 F. Supp. 183, 185 (E.D. Tex. 1996); *see also Robertson v. Kiamichi RR. Co.*, 42 F. Supp. 2d 651, 656 (E.D. Tex. 1999). In addition,

9

Similarly, the balance of prejudice also weighs in favor of transfer. Since the Tyler and Lufkin cases are currently on the same procedural track, IBM will not suffer any prejudice, especially since the transfer would occur to a forum IBM has already chosen. In contrast, if this motion were denied, Amazon.com would be greatly prejudiced because parallel proceedings before different Divisions will undoubtedly increase expenses and duplicate efforts. More importantly, given the significant factual and legal overlap between the two cases, having both cases before the same judge will streamline scheduling concerns, alleviate burdens on the court, simplify procedures, and reduce expenses by avoiding duplicative discovery disputes, redundant discovery responses, depositions of the same witnesses, and parallel production of the same documents. *See Cummins-Allison Corp. v. Glory Ltd.*, No. Civ.A. 2-03-CV-358TJ, 2004 WL 1635534, at *4 (E.D. Tex. May 26, 2004) (explaining that § 1404(a) aims to "protect[] litigants, witnesses, and the public against unnecessary inconvenience and expense, and avoid[] wasted time, energy, and money").

Finally, the public factors also support the requested transfer. IBM's multiplication of this litigation places an unnecessary administrative burden on the courts of the Eastern District of Texas, which will face needless duplication of efforts and possibly inconsistent rulings on similar – if not identical – issues. As another Texas district court explained under analogous facts,

> "Piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable." In such cases, the interest of justice may dictate transfer "to prevent an extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues." By permitting two different courts to interpret the same patent claims, there is a heightened risk of inconsistent rulings which, in turn, promotes uncertainty and impedes the administration of justice. ***This untenable prospect favors resolving related***

---

the plaintiff's forum choice receives even less weight when the plaintiff brings suit outside its home district, which for IBM is New York. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001); *Rock Bit Int'l, Inc. v. Smith Int'l, Inc.*, 957 F. Supp. 843, 844 (E.D. Tex. 1997).

> *patent cases in the same forum whenever possible, even if the convenience of the parties and witnesses calls for a different result.*

*The Whistler Group, Inc. v. PNI Corp.*, No. Civ.A. 3:03-CV-1536-G, 2003 WL 22939214, at *5 (N.D. Tex. Dec. 5, 2003) (granting motion to transfer to another district court) (internal citations omitted and emphasis added). Because the private and public factors favor resolutions of these closely related actions in the same forum, transfer to the Tyler Division under § 1404 is appropriate.

### B. The "First-To-File" Rule Warrants That This Case Be Transferred To The Tyler Division

Not only should both cases be pending in the same Division, but the application of the first-to-file rule further dictates which Division should adjudicate both actions. Indeed, "[t]he Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). In the Fifth Circuit, whose precedent the Federal Circuit applies in procedural matters not unique to patent law, an abuse of discretion can occur if a district court refuses to comply with the first-to-file rule. *Id.* (reversing repeated denials of motion for intra-district transfer, even after summary judgment was entered, where district court failed to transfer second-filed action to a judge in another division of the *same* district, who was presiding over the first-filed suit).

According to PACER, IBM sued Amazon.com for patent infringement in the Tyler Division of the Eastern District of Texas at 11:36 a.m. CST on October 23, 2006. With respect to the Lufkin complaint, IBM did not file it in the Lufkin courthouse, but rather at the Tyler Courthouse. According to PACER, that filing occurred at 4:51 p.m. CST, more than five hours

11

later than the filing of the Tyler case.[3] As such, the Tyler Division is the court where the first-filed complaint is pending.

Moreover, as detailed above, there is substantial overlap between this case and the Tyler action, because both suits involve the same parties, the same counsel, the same area of technology, the same apparent accused activities, the same procedural track, and substantially overlapping – if not identical – legal and factual issues. *See Tex. Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993) (explaining that the first-to-file rule applies when the two actions involve closely related questions or subject matter or the core issues substantially overlap, without needing to be identical). As Judge Davis recently found under similar facts,

> If this Court retains this action, there will be two complex and simultaneous actions between the same parties over related technologies and involving the same accused products. Consequently, justice and expediency do not outweigh application of the first-to-file rule. Accordingly, the Court applies the first-to-file rule and transfers the case.

*AmberWave Sys. Corp. v. Intel Corp.*, No. 2:05-CV-321, 2005 WL 2861476, at *2 (E.D. Tex. 2005). Given the identity of parties and substantial overlap of issues, the first-to-file rule requires transfer of the second-filed case – this action – to the Tyler Division. *See Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 406-08 (5th Cir. 1971).[4]

---

[3] It is counsel's understanding that IBM may have presented both complaints for filing in Tyler at the same time, even though the PACER timestamp indicates otherwise. Given that the only objective evidence from the Court's records about which complaint was first filed is the PACER timestamp, that evidence should control any question as to the first-filed status of the Tyler action. In any event, for all of the reasons noted, these cases belong together regardless of whether it is in the Lufkin or Tyler courthouse.

[4] For convenience of the Courts in Lufkin and Tyler, Amazon.com has filed in the Tyler division a Notice of Motion attaching a copy of this Motion for Intra-District Transfer.

## **CONCLUSION**

Accordingly, this Court should transfer the present action to the Tyler Division.

Dated: December 14, 2006

Respectfully submitted,

By: /s/ Michael J. McKeon

| | |
|---|---|
| T. John Ward, Jr.<br>   Texas Bar No. 00794818<br>   jw@jwfirm.com<br>LAW OFFICE OF T. JOHN<br>   WARD, JR., P.C.<br>111 W. Tyler St.<br>Longview, Texas 75601<br>Telephone: 903-757-6400<br>Facsimile: 903-757-2323<br><br>M. Brett Johnson<br>   Texas Bar No. 00790975<br>   mbjohnson@fr.com<br>R. Ritch Roberts III<br>   Texas Bar No. 24041794<br>   rroberts@fr.com<br>FISH & RICHARDSON P.C.<br>1717 Main Street, Suite 5000<br>Dallas, TX 75201<br>Telephone: 214-747-5070<br>Facsimile: 214-747-2091 | Ruffin B. Cordell<br>   Lead Attorney<br>   Texas Bar No. 04820550<br>   cordell@fr.com<br>Michael J. McKeon (*admitted pro hac vice*)<br>   mckeon@fr.com<br>Brian R. Nester (*admitted pro hac vice*)<br>   nester@fr.com<br>FISH & RICHARDSON P.C.<br>1425 K Street, N.W., Suite 1100<br>Washington, D.C. 20005<br>Telephone: 202-783-5070<br>Facsimile: 202-783-2331<br><br>John P. Schnurer (*admitted pro hac vice*)<br>   schnurer@fr.com<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, California 92130<br>Telephone: 858-678-5070<br>Facsimile: 858-678-5099<br><br>Counsel for Defendant and Counterclaim-Plaintiff Amazon.com, Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2006, I caused to be filed electronically the foregoing **AMAZON.COM'S MOTION FOR INTRA-DISTRICT TRANSFER** with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed in the Court's Notice of Electronic Filing.

/s/ Michael J. McKeon
Michael J. McKeon

## CERTIFICATE OF CONFERENCE

Counsel for Amazon.com has conferred with counsel for IBM and understands that IBM opposes the relief sought in the foregoing motion.

/s/ Michael J. McKeon
Michael J. McKeon