# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| INTERNATIONAL BUSINESS ) | |
| MACHINES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 9:06-cv-00242-RHC |
| ) | |
| v. ) | |
| ) | |
| AMAZON.COM, INC., AMAZON ) | JURY |
| SERVICES LLC F/K/A AMAZON ) | |
| SERVICES, INC. D/B/A AMAZON ) | |
| ENTERPRISE SOLUTIONS AND ) | |
| AMAZON SERVICES BUSINESS ) | |
| SOLUTIONS, AMAZON.COM INT'L ) | |
| SALES, INC. D/B/A AMAZON.CO.JP, ) | |
| AMAZON EUROPEAN UNION S.À.R.L. ) | |
| D/B/A AMAZON.DE, AMAZON.FR AND ) | |
| AMAZON.CO.UK, AMAZON SERVICES ) | |
| EUROPE S.À.R.L. D/B/A AMAZON.DE, ) | |
| AMAZON.FR AND AMAZON.CO.UK, ) | |
| AMAZON.COM.CA, INC., A9.COM, INC., ) | |
| ALEXA INTERNET D/B/A ALEXA ) | |
| INTERNET, INC. AND ALEXA ) | |
| INTERNET CORP., BOOKSURGE LLC, ) | |
| INTERNET MOVIE DATABASE, INC., ) | |
| CUSTOMFLIX LABS, INC., ) | |
| MOBIPOCKET.COM SA, A2Z ) | |
| DEVELOPMENT CENTER F/K/A A2Z ) | |
| DEVELOPMENT USA, INC., AMAZON ) | |
| MECHANICAL TURK, INC., ) | |
| AMAZON.COM LLC D/B/A ) | |
| ENDLESS.COM, BOP, LLC D/B/A ) | |
| SHOPBOP.COM, AMAZON WEB ) | |
| SERVICES, LLC, AND AMAZON ) | |
| SERVICES CANADA, INC., ) | |
| ) | |
| Defendants. | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff International Business Machines Corporation ("IBM"), for its First Amended

Complaint for Patent Infringement against Defendants Amazon.com, Inc., Amazon Services

LLC f/k/a Amazon Services, Inc. d/b/a Amazon Enterprise Solutions and Amazon Services Business Solutions, Amazon.com Int'l Sales, Inc. d/b/a Amazon.co.jp, Amazon European Union S.à.r.l. d/b/a Amazon.de, Amazon.fr and Amazon.co.uk, Amazon Services Europe S.à.r.l. d/b/a Amazon.de, Amazon.fr and Amazon.co.uk, Amazon.com.ca, Inc., A9.com, Inc., Alexa Internet d/b/a Alexa Internet, Inc. and Alexa Internet Corp., BookSurge LLC, Internet Movie Database, Inc., CustomFlix Labs, Inc., Mobipocket.com SA, A2Z Development Center f/k/a A2Z Development USA, Inc., Amazon Mechanical Turk, Inc., Amazon.com LLC d/b/a Endless.com, BOP, LLC d/b/a shopbop.com, Amazon Web Services, LLC, and Amazon Services Canada, Inc. (collectively, "Amazon"), allege as follows:

## INTRODUCTION

1. IBM is a world leader in technology and innovation. IBM spends billions of dollars each year on research and development, and these efforts have resulted in the issuance of more than 40,000 patents worldwide. Patents enjoy the same fundamental protections as real property. IBM, like any property owner, is entitled to insist that others respect its property and to demand payment from those who take IBM's property for their own use. Despite this rudimentary principle, Amazon has built its business model on the use of IBM's patents, knowing its business was covered by and infringing IBM's patents. Amazon, moreover, has ignored IBM's repeated demands that Amazon either pay for the use of IBM's property or stop taking the property for Amazon's own use. Indeed, after four years of stonewalling, Amazon's intent is clear—Amazon would rather take IBM's property unlawfully than pay for its use. This lawsuit seeks to stop Amazon's taking of IBM's property without payment.

CHI-1575377v4

## NATURE OF THE CASE

2.      This action arises under 35 U.S.C. § 271 for Amazon's infringement of one or more of IBM's United States Patent Nos. 5,442,771; 5,796,967; and 7, 072,849 (collectively, the "Patents in Suit").

## THE PARTIES

3.      Plaintiff IBM is a New York corporation, with its principal place of business at New Orchard Road, Armonk, New York 10504.

4.      Defendant Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144. Amazon.com does business through Web sites, including, for example, www.amazon.com, Syndicated Stores (such as www.borders.com), and aStores (such as astore.amazon.com/bestdvd-20).

5.      Defendant Amazon Services LLC f/k/a Amazon Services, Inc. d/b/a Amazon Enterprise Solutions and Amazon Services Business Solutions ("Amazon Services") is a Nevada limited liability company with its principal place of business at 920 Incline Way, Suite C, Incline Village, Nevada 89451.  Amazon Services does business through auction Web sites (such as s1.amazon.com), WebStore Websites (such as elementjewelry.com) and by building and/or powering Web sites (such as www.nbastore.com).

6.      Defendant Amazon.com Int'l Sales, Inc. d/b/a Amazon.co.jp ("Amazon.com Int'l") is a Delaware corporation with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144.  Amazon.com Int'l does business through Web sites, including www.amazon.co.jp and www.amazon.jp.

7.      Defendant Amazon European Union S.à.r.l. d/b/a Amazon.de, Amazon.fr and Amazon.co.uk ("Amazon EU") is a private company with its principal place of business at 26

Boulevard Royal, L-2449 Luxembourg. Amazon EU does business through Web sites, including www.amazon.de, www.amazon.at, www.amazon.fr, and www.amazon.co.uk.

8.      Defendant Amazon Services Europe S.à.r.l. d/b/a Amazon.de, Amazon.fr and Amazon.co.uk ("Amazon Services Europe") is a private company with its principal place of business at 26 Boulevard Royal, L-2449 Luxembourg. Amazon Services Europe does business through Web sites, including www.amazon.de, www.amazon.at, www.amazon.fr, and www.amazon.co.uk, and by building and/or powering Web sites (such as www.benefitcosmetics.co.uk).

9.      Defendant Amazon.com.ca, Inc. ("Amazon.com.ca") is a Delaware corporation with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144. Amazon.com.ca does business through Web sites, including www.amazon.ca.

10.     Defendant A9.com, Inc. ("A9.com") is a Delaware corporation with its principal place of business at 130 Lytton Ave., Suite 300, Palo Alto, California 94301. A9.com does business through Web sites, including www.a9.com.

11.     Defendant Alexa Internet d/b/a Alexa Internet, Inc. and Alexa Internet Corp. ("Alexa") is a California corporation with its principal place of business at Graham St., Presidio Bldg. 37, San Francisco, California 94129. Alexa does business through Web sites, including www.alexa.com.

12.     Defendant BookSurge LLC ("BookSurge") is a South Carolina limited liability company with its principal place of business at 7290 B Investment Drive, Charleston, South Carolina 29418. BookSurge does business through Web sites, including www.booksurge.com.

13. Defendant Internet Movie Database, Inc. ("IMDb") is a Nevada corporation with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144. IMDb does business through Web sites, including www.imdb.com.

14. Defendant CustomFlix Labs, Inc. ("CustomFlix") is a California corporation with its principal place of business at 140 Dubois Street, Suite A, Santa Cruz, California 95060. CustomFlix does business through Web sites, including www.customflix.com.

15. Defendant Mobipocket.com SA ("Mobipocket") is a French company with its principal place of business at 164ter rue d'Aguesseau, 92100 Boulogne-Billancourt, France, RCS Paris B 429 836 810. Mobipocket does business through Web sites, including www.mobipocket.com.

16. Defendant A2Z Development Center f/k/a A2Z Development USA, Inc. ("A2Z") is a Delaware corporation with its principal place of business at 2005 W. 14th Street Nos. 136 & 138, Tempe, Arizona 85281. A2Z does business through Web sites, including www.a2z-phx.com.

17. Defendant Amazon Mechanical Turk, Inc. ("Mechanical Turk") is a Delaware corporation with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144. Mechanical Turk does business through Web sites, including www.mturk.com.

18. Defendant Amazon.com LLC d/b/a Endless.com ("Endless.com") is a Delaware limited liability company with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144. Endless.com does business through Web sites, including www.endless.com.

19. Defendant BOP, LLC d/b/a shopbop.com ("Shopbop") is a Wisconsin limited liability company with its principal place of business at 101 E. Badger Road, Madison, Wisconsin 53713. Shopbop does business through Web sites, including www.shopbop.com.

20. Defendant Amazon Web Services, LLC ("AWS") is a Delaware limited liability company with its principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98144. AWS does business through Web sites, including www.askville.com, and through its Web Services.

21. Defendant Amazon Services Canada, Inc. ("Amazon Services Canada") is a Nevada corporation with its principal place of business at 920 Incline Way, Suite C, Incline Village, Nevada 89451. Amazon Services Canada does business by building and/or powering Web sites (such as www.sears.ca).

## JURISDICTION AND VENUE

22. This action arises under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court over the subject matter of this action is proper under 28 U.S.C. §§ 1331 and 1338(a).

23. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

24. Personal jurisdiction exists over each Amazon Defendant because each Amazon Defendant does business in Texas and in this District, by at least offering for sale and selling products and services through their Web sites, which are accessible in Texas and this District, and infringement has occurred and continues to occur in Texas and in this District.

**FACTUAL BACKGROUND**

A. <u>**IBM Is A Recognized Innovator**</u>

25. IBM is recognized throughout the world as a pioneer in many aspects of science and technology. On eight occasions, more times than any other company or organization, IBM has been awarded the U.S. National Medal of Technology, the nation's highest award for technological innovation. During IBM's near 100-year history, IBM's employees have included five Nobel laureates, five national Medal of Science recipients, and at least nine inventors in the National Inventors Hall of Fame.

26. These and other IBM employees have introduced the world to technology that the global community takes for granted today, including the dynamic random access memory—DRAMs—found in nearly all modern computers; magnetic disk storage—hard disk drives—found in computers and portable music players; and some of the world's most powerful supercomputers, including Deep Blue, the first computer to beat a reigning chess champion and which is on display at the Smithsonian's National Museum of American History in Washington, D.C. IBM's commitment to developing these types of advanced computing technologies has helped to usher in the information age and create the e-business revolution.

B. <u>**IBM Is Committed To Protecting Its Innovations Through the Patent System**</u>

27. IBM's research and development operations differentiate IBM from many other companies. IBM annually spends billions of dollars for research and development. In addition to yielding inventions that have literally changed the way in which the world works, IBM's research and development efforts have resulted in more than 40,000 patents worldwide. For over a decade the United States Patent and Trademark Office has issued more patents to IBM than to any other company in the world.

28.     Like the research upon which the patents are based, IBM's patents also benefit society. Indeed, the Supreme Court has recognized that the patent system encourages both the creation and the disclosure of new and useful advances in technology. Such disclosure, in turn, permits society to innovate further. And, as the Court has further recognized, as a reward for committing resources to innovation and for disclosing that innovation, the patent system provides patent owners with the exclusive right to prevent others from practicing the claimed invention for a limited period of time.

C.      **IBM Routinely Licenses Its Patents In Many Fields, But Will Enforce Its Rights Against Those Who Take Its Property Unlawfully**

29.     IBM's commitment to creating a large patent portfolio underscores the value that IBM places in the exchange of innovation, and disclosure of that innovation, in return for limited exclusivity. Indeed, IBM has used its patent portfolio to generate revenue and other significant value for the company by executing patent cross-license agreements. The revenue generated through patent licensing enables IBM to continue to commit resources to innovation. Cross-licensing, in turn, provides IBM with the freedom to innovate and operate in a manner that respects the technology of others.

30.     Given the investment IBM makes in the development of new technologies and the management of its patent portfolio, IBM and its shareholders expect companies to act responsibly with respect to IBM's patents. IBM facilitates this by routinely licensing its patents in many fields and by working with companies that wish to use IBM's technology in those fields in which IBM grants licenses. When a company takes IBM's property and refuses to pay IBM for the use of its property, IBM has no choice but to seek judicial assistance.

### D.  Amazon Has Built Its Business By Infringing IBM's Patents.

31. Amazon is well known as an online retailer and provider of e-commerce solutions and services to other businesses. Amazon has grown rapidly and is now a Fortune 500 company, with billions of dollars in revenues each year.

32. Rather than build its business on its own technologies, Amazon has relied on IBM's innovations, unlawfully taking and using them for its business. For example, in the mid-1980's, IBM, in conjunction with CBS and Sears, founded a company called Trintex, with the idea of developing a nationwide transaction and information network accessible through personal computers. Trintex, later renamed Prodigy, was one of the earliest on-line services targeted to a mass audience. Prodigy provided users with on-line services including news, weather, sports, games, shopping, and airline reservations. As a result of its contributions to Prodigy, IBM received a family of patents based on the resulting Prodigy architecture and technology.

33. For the past four years, IBM has patiently tried to work with Amazon (through parent company Amazon.com) in an effort to secure a licensing agreement. IBM made repeated trips to Amazon's facilities and presented detailed examples to Amazon of its infringement of IBM's patents.

34. While pretending to desire resolution, Amazon has refused to engage in any meaningful discussion on the merits, resorting instead to foot-dragging, posturing and non-responsive excuses. Throughout, Amazon has continued willfully to infringe IBM's patents so as to obtain the significant benefits of IBM's innovations without paying any compensation to IBM.

35. Because IBM's four-year struggle to negotiate a licensing agreement that would remedy Amazon's unlawful conduct has failed, IBM has been forced to seek relief through litigation. Among other relief sought, IBM is entitled to royalties on the billions of dollars in

revenue that Amazon has received based on its unlawful infringement of IBM's patented technology.

E. **Specifically, Amazon Has Willfully Infringed IBM's Prodigy Patents.**

    (i)    **United States Patent No. 5,442,771**

36. As its title suggests, United States Patent No. 5,442,771, entitled "Method for Storing Data in an Interactive Computer Network" ("the '771 patent"), generally relates to a method of storing data in an interactive network. The network includes a multiplicity of user reception systems at which users can request applications during user sessions. As exemplified by its specification, the '771 patent teaches steps for establishing data stores within an interactive network and using the stored data to generate applications during the user sessions. The method features steps, among others, for associating storage control parameters with the data to be stored.

37. Amazon has infringed and continues to infringe, in this district and elsewhere, on IBM's rights in the '771 patent. For example, Amazon performs the method taught and claimed by the '771 patent by, among other activities, doing business through an interactive network that allows users to request applications during their sessions and implementing storage control parameters associated with data to be stored within the network.

    (ii)    **United States Patent No. 5,796,967**

38. United States Patent No. 5,796,967 ("the '967 patent") generally relates to a method for presenting applications on a network, where the network includes a multiplicity of user reception systems at which users may request a multiplicity of available applications. The network presents the requested applications at the user reception systems as one or more screens of display. As exemplified by its specification, the '967 patent teaches steps for generating the application displays including a plurality of partitions. In accordance with the method, there is

generated a first partition for presenting applications and a second partition for presenting a plurality of command functions. The command functions include at least a first group that are selectable to permit movement between applications.

39. Amazon has infringed and continues to infringe, in this district and elsewhere, on IBM's rights in the '967 patent. For example, Amazon performs the method taught and claimed by the '967 patent by, among other activities, presenting applications using partitioned displays that include at least one partition for presenting applications and a second partition for presenting a plurality of command functions that include at least a first group that are selectable to permit movement between applications.

      **(iii)    United States Patent No. 7,072,849**

40. United States Patent No. 7,072,849, entitled "Method for Presenting Advertising in an Interactive Service" ("the '849 patent"), generally relates to a method for presenting advertising in a computer network that includes a multiplicity of user reception systems at which users can request applications. The network presents the requested applications at the user reception systems as one or more screens of display. As exemplified by its abstract, the '849 patent teaches steps for presenting advertising concurrently with applications at the reception system. The steps include, for instance, structuring the advertising in a manner compatible to the applications, which enables the applications to be presented at a first portion of a display and the advertising to be presented at a second portion of the display. As further illustrated in the '849 patent, steps are provided for storing and managing advertising at the user reception system. Additionally, the '849 patent teaches steps for individualizing the advertising by compiling data concerning respective users and establishing characterizations for respective users based on the compiled data.

41. Amazon has infringed and continues to infringe, in this district and elsewhere, on IBM's rights in the '849 patent. For example, Amazon performs the method taught and claimed by the '849 patent by, among other activities, presenting applications at a first portion of a display and presenting advertising at a second portion of the display, and by selectively storing advertising objects at a store established at the reception system. Additionally, Amazon individualizes the advertising based on data compiled concerning respective users and establishing characterizations for respective users based on the compiled data.

## COUNT ONE

## INFRINGEMENT OF THE '771 PATENT

42. IBM is the owner of all right, title and interest in the '771 patent. The '771 patent was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on August 15, 1995. The '771 patent is in IBM's Prodigy family of patents and was duly assigned to IBM. A copy of the '771 patent is attached hereto as Exhibit A.

43. In violation of 35 U.S.C. § 271, Amazon has infringed and continues to infringe, in this district and elsewhere, the '771 patent by: (a) making, using, offering for sale or selling within the United States, or by importing into the United States, products or processes that practice inventions claimed in this patent; (b) inducing others to make, use, offer for sale or sell within the United States, or import into the United States, products or processes that practice inventions claimed in this patent; and/or (c) contributing to the making, using, offering for sale or selling within the United States, or importing into the United States, products or processes that practice inventions claimed in this patent.

44. IBM has been damaged by the infringement of the '771 patent by Amazon and will continue to be damaged by such infringement. IBM is entitled to recover from Amazon the damages sustained by IBM as a result of Amazon's wrongful acts.

45. The continued infringement by Amazon of the '771 patent is deliberate and willful, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

46. IBM has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, and will continue to do so unless Amazon is enjoined therefrom by this Court.

### COUNT TWO
### INFRINGEMENT OF THE '967 PATENT

47. IBM is the owner of all right, title and interest in the '967 patent. The '967 patent was duly and properly issued by the USPTO on August 18, 1995. The '967 patent is in IBM's Prodigy family of patents and was duly assigned to IBM. A copy of the '967 patent is attached hereto as Exhibit B.

48. In violation of 35 U.S.C. § 271, Amazon has infringed and continues to infringe, in this district and elsewhere, the '967 patent by: (a) making, using, offering for sale or selling within the United States, or by importing into the United States, products or processes that practice inventions claimed in this patent; (b) inducing others to make, use, offer for sale or sell within the United States, or import into the United States, products or processes that practice inventions claimed in this patent; and/or (c) contributing to the making, using, offering for sale or selling within the United States, or importing into the United States, products or processes that practice inventions claimed in this patent.

49. IBM has been damaged by the infringement of its '967 patent by Amazon and will continue to be damaged by such infringement. IBM is entitled to recover from Amazon the damages sustained by IBM as a result of Amazon's wrongful acts.

CHI-1575377v4

50. The continued infringement by Amazon of the '967 patent is deliberate and willful, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

51. IBM has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, and will continue to do so unless Amazon is enjoined therefrom by this Court.

## COUNT THREE

## INFRINGEMENT OF THE '849 PATENT

52. IBM is the owner of all right, title and interest in the '849 patent. The '849 patent was duly and properly issued by the USPTO on July 4, 2006. The '849 patent is in IBM's Prodigy family of patents and was duly assigned to IBM. A copy of the '849 patent is attached hereto as Exhibit C.

53. In violation of 35 U.S.C. § 271, Amazon has infringed and continues to infringe, in this district and elsewhere, the '849 patent by: (a) making, using, offering for sale or selling within the United States, or by importing into the United States, products or processes that practice inventions claimed in this patent; (b) inducing others to make, use, offer for sale or sell within the United States, or import into the United States, products or processes that practice inventions claimed in this patent; and/or (c) contributing to the making, using, offering for sale or selling within the United States, or importing into the United States, products or processes that practice inventions claimed in this patent.

54. IBM has been damaged by the infringement of its '849 patent by Amazon and will continue to be damaged by such infringement. IBM is entitled to recover from Amazon the damages sustained by IBM as a result of Amazon's wrongful acts.

55.     The continued infringement by Amazon of the '849 patent is deliberate and willful, entitling IBM to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

56.     IBM has suffered and continues to suffer irreparable harm, for which there is no adequate remedy at law, and will continue to do so unless Amazon is enjoined therefrom by this Court.

## RELIEF REQUESTED

Wherefore, IBM respectfully requests that this Court enter judgment against each Defendant as follows:

A.     That each of the Patents in Suit is valid and enforceable;

B.     That each of the Patents in Suit has been infringed by each Defendant;

C.     That infringement of the Patents in Suit by each Defendant has been willful;

D.     An injunction against further infringement of the Patents in Suit by each Defendant;

E.     An award of damages adequate to compensate IBM for the patent infringement that has occurred, together with pre-judgment interest and costs;

F.     An award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

G.     That this is an exceptional case and an award to IBM of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

H.     Such other relief as this Court deems just and proper.

| | |
|---|---|
| February 20, 2007 | Respectfully submitted, |

/s/ Mark N. Reiter
Terence M. Murphy
Lead Attorney
State Bar No. 14707000
tmmurphy@jonesday.com
Mark N. Reiter
State Bar No. 16759900
mnreiter@jonesday.com
Hilda C. Galvan
State Bar No. 00787512
hcgalvan@jonesday.com

JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: 214-220-3939
Facsimile: 214-9695100


J. Thad Heartfield
thad@jth-law.com
State Bar No. 09346800
LAW OFFICES OF J. THAD HEARTFIELD
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789


ATTORNEYS FOR PLAINTIFF
INTERNATIONAL BUSINESS
MACHINES CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 20, 2007. Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ Mark N. Reiter